LOEWE et al. v. LAWLOR et al.

(Circuit Court, D. Connecticut. December 13, 1905.)

No. 538.

PLEADING—SUFFICIENCY OF COMPLAINT—ACTION UNDER ANTI-TRUST ACT.

The complaint, in an action to recover damages under section 7 of the anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), *held* sufficient on a motion for correction of the same.

At Law. On motion for correction of complaint.

See 130 Fed. 633.

Davenport & Banks, for plaintiffs.

Bristol, Stoddard, Beach & Fisher, De Forest & Klein, and Howard W. Taylor, for defendants.

PLATT, District Judge. The dispute herein has not yet reached that critical period which warrants a recital of the elaborate complaint which the motion attacks. It is enough to say that the gist of it is somewhat as follows, viz.: For many years the plaintiffs had been opposed to the closed-shop policy, and had consistently refused to take any action tending to establish that policy, and the defendants knew it. On July 25, 1902, the plaintiffs had a large and profitable interstate trade in hats. The defendants, with others (see paragraphs 9–18, inclusive), had a way of making people come to terms on the disputed issue, which way is described carefully and minutely. They had been instrumental in using the described way effectively upon many individuals, firms, and corporations, and had boasted of their success, so as to affect the plaintiffs when they should come at them. In 1901 they told the plaintiffs that, if they did not yield on the disputed issue, they would treat them as they had the others and force them to do so, but plaintiffs refused to yield. Thereupon and therefore, on July 25, 1902, defendants put into operation the machinery before described, with attachments thereto and refinements thereof, and so inflicted serious injuries upon plaintiffs in violation of the Sherman act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), under which and by virtue whereof this suit has been brought.

It is not understood to be one of the functions of the court, on such a motion as this, to compel the plaintiffs to state their case in the way most satisfactory to the defendants. Indeed, it is not easy to conceive how such a complicated situation, covering, as it does, such an important and serious question, could have been otherwise set forth. At any rate a close scrutiny of the complaint discloses nothing which is so obviously wrong that it ought to be expunged on motion.

Motion denied.